J-S46014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
OMAR JAMAL GILMORE :
:
Appellant : No. 48 WDA 2023

Appeal from the PCRA Order Entered December 14, 2022
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000392-2018

BEFORE: DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED: April 10, 2024**

Appellant, Omar Jamal Gilmore, appeals from the December 14, 2023 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we remand with instructions.

The relevant facts and procedural history are as follows. On January 12, 2018, law enforcement personnel, acting pursuant to a valid search warrant, discovered drugs and drug paraphernalia at a residence that Appellant shared with Alexandria Moltz.[1] Appellant was present at the time of the search and police arrested him and charged him with numerous offenses.

---

[1] In particular, law enforcement discovered 486 dosage units of heroin, a "substantial amount" of marijuana, two digital scales, an "owe-sheet" indicating money owed by specific individuals, plastic baggies, multiple pieces of paraphernalia, and $56.

On August 15, 2019, following a one-day waiver trial[2] at which James Jeffries, Esquire, represented Appellant, the trial court convicted Appellant of one count each of Possession with Intent to Deliver and Possession of Drug Paraphernalia, and two counts of Possession of a Controlled Substance.[3] On January 27, 2020, the court sentenced Appellant to an aggregate term of 2½ to 6 years of incarceration. Appellant did not file a timely appeal from his judgment of sentence.

Appellant *pro se* filed a PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. The PCRA court appointed Corrie Woods, Esquire, to represent Appellant and Attorney Woods subsequently filed an amended PCRA petition. On May 7, 2020, the PCRA court granted Appellant's petition and reinstated his direct appeal rights. On March 30, 2021, this Court affirmed Appellant's judgment of sentence.[4] *See Commonwealth v. Gilmore*, 251 A.3d 1269 (Pa. Super. 2021) (non-precedential decision). On December 7, 2021, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Gilmore*, 268 A.3d 1075 (Pa. 2021).

---

[2] The Honorable Valarie Costanzo presided over Appellant's non-jury trial and all subsequent proceedings.

[3] 35 P.S. §§ 780-113(a)(30), 780-113(a)(32), and 780-113(a)(16), respectively.

[4] On direct appeal, Appellant challenged the sufficiency and weight of the evidence. We found the former claim meritless, and the latter waived because Appellant did not preserve it at sentencing or in a timely post-sentence motion.

On February 7, 2022, Appellant *pro se* filed the instant PCRA petition. The PCRA court again appointed Attorney Woods to represent Appellant. On July 6, 2022, Appellant filed an amended PCRA petition asserting that his trial counsel had been ineffective for failing to object to: (1) testimony regarding an "owe sheet"[5] as speculative, hearsay, and violative of the best evidence rule; (2) the admission of the "owe sheet" itself because the Commonwealth failed to disclose it in discovery; and (3) the presentation of the testimony of Alexandria Moltz.

The Commonwealth filed an answer to Appellant's petition, after which, on November 22, 2022, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907.

Appellant did not file a response to the Rule 907 notice. However, on December 8, 2022, Attorney Woods filed a "Motion to Appoint ***Bradley***[6] Counsel." In the motion, Attorney Woods stated that Appellant "respectfully requests that the undersigned be permitted to withdraw and that he be appointed [***Bradley***] counsel so that he may investigate and pursue any claims of ineffective assistance of PCRA counsel." Motion to Appoint ***Bradley***

---

[5] Appellant explains in his amended petition that an "owe sheet" is a "document containing names and numbers" constituting "a ledger of credit extended for drugs." Amended Petition, 7/6/22, at 3.

[6] ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). In ***Bradley***, our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d at 401.

Counsel, 12/8/22, at ¶ 8. Appellant did not allege any specific claims of PCRA counsel's ineffectiveness in the motion. The PCRA court took no action on the motion.

On December 14, 2022, the PCRA court denied Appellant's PCRA petition.

This timely appeal followed. On January 12, 2023, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. In lieu of doing so, however, Attorney Woods filed a statement indicating that Appellant:

> does not presently raise any errors complained of on appeal, but instead intends to file an application for relief in the Superior Court seeking the appointment of counsel to vindicate his right to the effective assistance of postconviction counsel as contemplated by our Supreme Court's decision to **Commonwealth v. Bradley** [].

Statement in Lieu of Concise Statement of Errors Complained of on Appeal, 2/1/23. On February 6, 2023, the PCRA court filed a Rule 1925(a) opinion directing this Court to its Rule 907 notice for its reasons for denying Appellant's petition.

On March 3, 2023, Appellant filed in this Court an Application for Remand for Appointment of **Bradley** Counsel, which this Court granted. On remand and after a hearing, the PCRA court appointed Joseph Zupancic, Esquire, to represent Appellant.

Following his appointment, Attorney Zupancic did not file an application to file a Rule 1925(b) statement *nunc pro tunc*. Accordingly, to date, Appellant has not filed a Rule 1925(b) statement raising allegations of PCRA court error with respect to the denial of his petition.

Nevertheless, on appeal, Appellant raises three issues challenging the dismissal of his PCRA petition and claims that his initial PCRA counsel was ineffective for failing to assert a claim that trial counsel was ineffective for not properly preserving a weight of the evidence challenge.

**A.**

Before we can address the merits of Appellant's first three issues, we must determine with Appellant waived any such review by failing to raise them in a court-ordered Rule 1925(b) statement.

It is axiomatic that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph [] are waived." Pa.R.A.P. 1925(b)(4)(vii). Furthermore, whenever counsel "takes *any* action that wholly deprives his or her client of the right to appellate review of collateral claims, counsel will be deemed to be ineffective *per se*." **Commonwealth v. Parrish**, 224 A.3d 682, 701 (Pa. 2020).

Rule 1925(c) provides that, where counsel in a criminal matter has been *per se* ineffective for failing to file a court-ordered Rule 1925(b) statement, we "may remand for appointment of new counsel, the filing [and] service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3); **Parrish**, 224 A.3d at 692, 702.

After review, we find that Attorney Zupancic entirely deprived Appellant of his right to appeal the denial of his PCRA petition.[7]  Accordingly, we remand this matter to the PCRA court for the appointment of new counsel within 20 days from the date of this Memorandum.  New counsel shall file a Rule 1925(b) or Rule 1925(c)(4) statement within 30 days of appointment.  We further order the trial court to file its Rule 1925(a) opinion within 30 days that new PCRA counsel files the Rule 1925(b) or Rule 1925(c)(4) statement.  Thereafter, Appellant shall file a supplemental appellate brief within 30 days from the date that the PCRA court files its opinion.  The Commonwealth shall have 30 days from the date the Appellant files his supplemental appellate brief to file a brief in response.

**B.**

In his final issue, Appellant asserts that first PCRA counsel was ineffective for failing to assert that trial counsel was ineffective for failing to properly preserve and raise the issue of whether the guilty verdicts were against the weight of the evidence through post-trial motions and/or on appeal.  Appellant's Brief at 24-29.  He, thus, raises a layered ineffectiveness claim.

The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010).  "[T]he

_____

[7] Attorney Woods also rendered *per se* ineffective assistance of counsel by filing the Statement in Lieu of Concise Statement of Errors Complained of on Appeal instead of a Rule 1925(b) or Rule 1925(c)(4) statement.

- 6 -

burden of demonstrating ineffectiveness rests on [the] appellant." ***Id.*** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. ***Id.***

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but-for counsel's action or inaction. ***Commonwealth v. Busanet***, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014).

"Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." ***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the

underlying issue." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Where an appellant raises a claim of PCRA counsel ineffectiveness for the first time on appeal, this Court has "the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." ***Bradley***, 261 A.3d at 403. We will remand "where there are material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law[.]" ***Id.*** at 402 (citation omitted). Additionally, we are mindful of the "general rule" that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." ***Commonwealth v. Colavita***, 993 A.2d 874, 895 (Pa. 2010), *overruled on other grounds*, ***Bradley***, 261 A.3d at 390.

In support of his contention that both prior PCRA and trial counsel were ineffective Appellant asserts that his underlying weight of the evidence claim has merit. In particular, he argues that both he and Ms. Moltz had equal access to the apartment where police found the drugs, police did not find any drugs on Appellant, and the Commonwealth did not introduce any evidence that Appellant was involved in drug trafficking. Appellant's Brief at 28-29. He further argues that the evidence was as incriminating of Appellant as it was of

Ms. Moltz or any number of other guests who had access to the residence.[8] *Id.* at 29. He concludes, therefore, that "the evidence in this matter was so ephemeral that it should have shocked the conscience of the court." *Id.*

Following our review of the record, we determine that remand is necessary for further development of the record of Appellant's layered ineffective assistance of counsel claim. Our analysis must begin with a determination of trial counsel's effectiveness. Because initial PCRA counsel did not raise a claim that trial counsel had been ineffective in failing to preserve Appellant's weight of the evidence claim, the record does not contain trial counsel's testimony as to his reasons for not preserving this claim on direct appeal. Trial counsel's testimony is necessary to determining his effectiveness. Without counsel's testimony regarding the reasons for his omission, we are unable to determine if trial counsel was effective. Since we cannot determine trial counsel's effectiveness, we are unable to review initial PCRA counsel's effectiveness.

For this reason, we remand the matter to the PCRA court for further development of the record. The PCRA court shall hold a supplemental hearing and conduct further proceedings as necessary to address Appellant's claim that initial PCRA counsel was ineffective for failing to raise a claim that trial

---

[8] To the extent that Appellant's framing of this issue also implicates the sufficiency of the evidence in support of Appellant's convictions, as noted above, Appellant raised this claim on direct appeal and this Court has already found that it lacked merit.

counsel was ineffective for not preserving Appellant's weight of the evidence claim.

**E.**

Case remanded for additional proceedings consistent with this decision. Panel jurisdiction retained.